Todd Blanche
Acting Attorney General of the United States
Annika Tangvald
Special Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 08 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

ECF No 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACK A. GENTRY,

Defendants.

Case No.: 2:26-CR-75-TOR

INDICTMENT

Vio.:
21 U.S.C. § 841(a)(1), (b)(1)(C),
Distribution of Fentanyl
(Counts 1-2)

21 U.S.C. § 841(a)(1), (b)(1)(B)(vi),
Distribution of 40 Grams or More of Fentanyl
(Counts 3-5)

21 U.S.C. § 841(a)(1), (b)(1)(A)(viii),
Distribution of 500 Grams or More of Methamphetamine
(Count 6)

21 U.S.C. § 853
Forfeiture Allegations

The Grand Jury charges:

COUNT 1

On or about April 24, 2026, in the Eastern District of Washington, the Defendant, JACK A. GENTRY, knowingly and intentionally distributed a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

COUNT 2

On or about April 28, 2026, in the Eastern District of Washington, the Defendant, JACK A. GENTRY, knowingly and intentionally distributed a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

COUNT 3

On or about May 8, 2026, in the Eastern District of Washington, the Defendant, JACK A. GENTRY, knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).

COUNT 4

On or about May 27, 2026, in the Eastern District of Washington, the Defendant, JACK A. GENTRY, knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).

COUNT 5

On or about June 18, 2026, in the Eastern District of Washington, the Defendant, JACK A. GENTRY, knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).

COUNT 6

On or about June 18, 2026, in the Eastern District of Washington, the Defendant, JACK A. GENTRY, knowingly and intentionally distributed 500 grams or more of mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense(s) in violation of 21 U.S.C. § 841, as set forth in this Indictment, the Defendant, JACK A. GENTRY, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense(s).

///

///

///

///

///

If any forfeitable property, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

DATED: this 8 day of July 2026.

[redacted]

Todd Blanche
Acting Attorney General

Alison L. Gregoire
Criminal Chief

Annika Tangvald
Special Assistant United States Attorney